F I L E D
United States Court of Appeals
Tenth Circuit

AUG 23 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LISA F. WALLACE, an incapacitated
person by and through her next friend,
Stephen P. Wallace; STEPHEN PAUL
WALLACE,

   Plaintiffs-Appellants,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES, ex rel.
John/Jane Doe, in their official
capacity as District Supervisor for
Tulsa County, Oklahoma; PATRICIA
WALLACE HASTINGS, individually
and as curatrix of Lisa F. Wallace,

   Defendants-Appellees,

PATRICIA W. BULLOCK, guardian
ad litem

   Appellee,

and

RONALD J. SAFFA, individually,

   Defendant.

_____

MARY ROMA WALLACE JAGE,
limited guardian of the person of
Lorice Wallace,

   Intervenor.

No.  03-5175
(D.C. No. CV-00-1086-E)
(N.D. Okla.)

## ORDER AND JUDGMENT [*]

Before **HARTZ**, **McKAY**, and **PORFILIO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Stephen P. Wallace appeals from an order of the district court denying his motions seeking amendment of its orders concerning the care of Lisa F. Wallace, an incapacitated person. We dismiss for lack of standing all claims raised by Mr. Wallace as Lisa's next friend. To the extent he appeals from the district court's denial of his attempt to obtain removal of and/or appointment of additional fiduciaries for Lisa, we affirm.

This action arises out of a class action suit brought by hundreds of residents of Hissom Memorial Center, a former Oklahoma state-run facility for the mentally retarded. In 1987, the district court entered a comprehensive order closing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Hissom, de-institutionalizing its residents, and setting the standard of care to be provided to former residents by the Oklahoma Department of Human Services. *See Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, No. 85-C-437-E, 1987 WL 27104 (N.D. Okla. July 24, 1987). As a former resident of Hissom, Lisa Wallace is a member of the class protected by the *Homeward Bound* decree.

In December 2000, Mr. Wallace brought this action as next friend of Lisa Wallace. He asserted that after her release from Hissom, Lisa had been placed in an institution in Shreveport, Louisiana, and that her placement there did not comport with her rights under the *Homeward Bound* decree. He further asserted that her placement had caused her physical and emotional deterioration and was in violation of her constitutional rights and her rights as a developmentally disabled person.

Lisa was moved to Oklahoma sometime in late December 2000 or early January 2001. On January 26, 2001, the district court entered an order, stipulated and consented to by the parties to this action responsible for Lisa's care–including Mr. Wallace, Ms. Hastings, Patricia W. Bullock (Lisa's guardian ad litem), the Department of Family Services, and other family members–governing Lisa's care and placement. Less than three months later, Mr. Wallace filed the first of several motions seeking to modify the January 26, 2001 order. The district court clarified its order in a subsequent minute order dated May 3, 2001, but left its

essential terms in effect. The district court's refusal to modify these orders of January 26, 2001 and May 3, 2001 forms the basis for Mr. Wallace's appeal.

### 1. Appellate jurisdiction

Appellee Patricia Wallace Hastings has challenged our jurisdiction to entertain this appeal. She contends that the order appealed from is not final and appealable. We disagree.

The January 26, 2001 stipulated order is in the nature of a consent decree. Mr. Wallace appeals from the denial of his motions to modify the decree. The denial of a motion to modify a consent decree is a final, appealable order under 28 U.S.C. § 1292(a)(1), provided that it has the same practical effect as the denial of an injunction. *United States v. Colorado*, 937 F.2d 505, 507 (10th Cir. 1991). In order to sustain our jurisdiction under this "practical effect" test, Mr. Wallace must show not only that the denial of his motion to modify had the same practical effect as the denial of an injunction, but also that the order denying modification has irreparable consequences and that it can be effectively challenged only by an immediate appeal. *Id.*

The denial of Mr. Wallace's motions to modify meets the first element of the "practical effect" test. Both the stipulated order and the relief Mr. Wallace seeks are injunctive in nature. The order instructs the parties to participate in family counseling sessions, provides that Lisa will continue to reside in her

current placement until further order of the court, and sets the terms for visitation of family members with Lisa. Mr. Wallace seeks to modify the order by (among other things) having himself appointed as family representative to Lisa's planning team, having Ms. Hastings removed from this position, appointing a new independent volunteer guardian for Lisa, and allowing visits between Lisa and family members in their homes.

Mr. Wallace has also made a sufficient showing on the remaining two elements of the "practical effect" test. He asserts irreparable consequences, contending that Lisa's health and emotional well-being may be in jeopardy if the modifications are not approved. Because the consent decree governs Lisa's care, which is the entire subject of Mr. Wallace's complaint, this may be his only opportunity to challenge the district court's refusal to modify its terms. We have jurisdiction over this appeal under § 1292(a)(1).

## 2. Lack of "next friend" standing to bring appeal

While we have jurisdiction, Mr. Wallace lacks standing to bring any claims in this appeal as Lisa's next friend. As the party invoking federal jurisdiction, it is Mr. Wallace's burden to demonstrate that he has standing. *See Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004). He has failed to do so.

A "next friend" is one who pursues an action on behalf of the real party in interest, when that person cannot appear on her own behalf for some legitimately recognized reason "such as inaccessibility, mental incompetence, or other disability." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing doctrine in habeas context). Where an incompetent person is represented by "a general guardian, committee, conservator, or other like fiduciary," that representative is the proper person to sue or defend on her behalf. Fed. R. Civ. P. 17(c). Only if the incompetent person is unrepresented by such a fiduciary may she be represented by a next friend. *Id.*; *see Garrick v. Weaver*, 888 F.2d 687, 692-93 (10th Cir. 1989).

It is settled in this circuit that where a guardian ad litem has been appointed for an incompetent person, the guardian is an "other like fiduciary" for purposes of Rule 17(c). *Garrick*, 888 F.2d at 693. There is, therefore, no "next friend" standing in such cases. *Id.* Lisa has a guardian ad litem in this action, Patricia W. Bullock. Therefore, Mr. Wallace does not have standing to proceed as Lisa's "next friend" in this appeal.

### 3. Standing to assert Mr. Wallace's own interests

Relatives like Mr. Wallace are not totally without recourse. They may "apply to the district court to . . . have the court appoint another guardian ad litem to protect the children's interests." *Id.* It follows that an aggrieved relative may

have standing to appeal the district court's refusal to remove an existing fiduciary or to appoint another on the incompetent person's behalf. We note that Mr. Wallace signed the notice of appeal in his own name, and that his pro se brief, broadly construed, appears to request a change of guardian for Lisa. *See* Aplt. Opening Br. at 6. To the extent he purports to appeal the district court's determination on this issue, however, we hold that the district court did not abuse its discretion in rejecting his attempts to replace or supplement Lisa's guardian ad litem or other fiduciary representatives.

This appeal is DISMISSED for lack of standing with the exception of the district court's decision not to remove or appoint additional fiduciaries for Lisa F. Wallace, which is AFFIRMED. All pending motions are DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge